UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

EVERTON WAGSTAFFE,

                                        Plaintiff,

                    -against-

THE CITY OF NEW YORK, et. al.,

                                        Defendants.

------------------------------------------------------------------X

**ANSWER OF DEFENDANTS CITY OF NEW YORK, MICHAEL RACE, GEORGE HOHENSTEIN, JEFFREY WRIGHT, JAMES CURRAN, DAVID CARBONE, MARK BROOKS, CHARLES HECKER AND JOHN DUGGAN TO COMPLAINT**

JURY TRIAL DEMANDED

15 CV 7089 (ILG)(RER)

        Defendants City of New York, Michael Race, George Hohenstein, Jeffrey Wright, James Curran, David Carbone, Mark Brooks, Charles Hecker and John Duggan, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to plaintiff's Complaint (the "Complaint"), respectfully allege, upon information and belief, as follows:

        1.   Deny the allegations set forth in paragraph "1" of the Complaint.

        2.   Deny the allegations set forth in paragraph "2" of the Complaint.

        3.   Deny the allegations set forth in paragraph "3" of the Complaint.

        4.   Deny the allegations set forth in paragraph "4" of the Complaint.

        5.   Deny the allegations set forth in paragraph "5" of the Complaint, except admit only that Jennifer Negron's body was found on or about January 1, 1992.

        6.   Deny the allegations set forth in paragraph "6" of the Complaint.

        7.   Deny the allegations set forth in paragraph "7" of the Complaint.

8.   Deny the allegations set forth in paragraph "8" of the Complaint.

9.   Deny the allegations set forth in paragraph "9" of the Complaint.

10. Deny the allegations set forth in paragraph "10" of the Complaint.

11. Deny the allegations set forth in paragraph "11" of the Complaint.

12. Deny the allegations set forth in paragraph "12" of the Complaint.

13. Deny the allegations set forth in paragraph "13" of the Complaint.

14. Deny the allegations set forth in paragraph "14" of the Complaint, except admit only that the referenced Appellate Division decision speaks for itself.

15. Deny the allegations set forth in paragraph "15" of the Complaint.

16. Deny the allegations set forth in paragraph "16" of the Complaint, except admit only that plaintiff purports to invoke the Court's jurisdiction as stated therein.

17. Deny the allegations set forth in paragraph "17" of the Complaint, except admit only that plaintiff purports to invoke the Court's jurisdiction as stated therein.

18. The allegations set forth in paragraph "18" of the Complaint are not averments of fact, but rather are legal conclusions, to which no response is required.  Defendant City admits only that any notice of claim speaks for itself and that any such claim has not been paid or adjusted.

19. Deny the allegations set forth in paragraph "19" of the Complaint, except admit only that any Gen. Municipal Law §50-h hearing speaks for itself.

20. Deny the allegations set forth in paragraph "20" of the Complaint, except admit only that plaintiff purports to lay venue as stated therein.

21. Deny the allegations set forth in paragraph "21" of the Complaint, except admit only that plaintiff purports to demand a trial by jury.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

23. Deny the allegations set forth in paragraph "23" of the Complaint, except admit only that the City of New York is a municipal corporation that maintains the NYPD and respectfully refer the court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the NYPD.

24. The allegations set forth in paragraph "24" of the Complaint are not averments of fact, but rather are legal conclusions, to which no response is required.  The defendant Race admits only that he is a retired sergeant from the NYPD.

25. The allegations set forth in paragraph "25" of the Complaint are not averments of fact, but rather are legal conclusions, to which no response is required.  The defendant Carbone admits only that he is a retired detective from the NYPD.

26. The allegations set forth in paragraph "26" of the Complaint are not averments of fact, but rather are legal conclusions, to which no response is required.  The defendant Wright admits only that he is a retired detective from the NYPD.

27. The allegations set forth in paragraph "27" of the Complaint are not averments of fact, but rather are legal conclusions, to which no response is required.  The defendant Hohenstein admits only that he is a retired sergeant from the NYPD.

28. The allegations set forth in paragraph "28" of the Complaint are not averments of fact, but rather are legal conclusions, to which no response is required.  The defendant Curran admits only that he is a retired detective from the NYPD.

29. The allegations set forth in paragraph "29" of the Complaint are not averments of fact, but rather are legal conclusions, to which no response is required.  The defendant Brooks admits only that he is presently a detective in the NYPD.

30. The allegations set forth in paragraph "30" of the Complaint are not averments of fact, but rather are legal conclusions, to which no response is required.  The defendant Hecker admits only that he is a retired detective from the NYPD.

31. The allegations set forth in paragraph "31" of the Complaint are not averments of fact, but rather are legal conclusions, to which no response is required.  The defendant Duggan admits only that he is a retired detective from the NYPD.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32" of the Complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Complaint.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Complaint, except admit only that plaintiff purports to proceed as set forth therein.

36. Deny the allegations set forth in paragraph "36" of the Complaint, except admit only, upon information and belief, that Jennifer Negron lived at 851 Hegeman Avenue, in Brooklyn, on or about the date that she was kidnapped.

37. Deny the allegations set forth in paragraph "37" of the Complaint.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Complaint.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Complaint.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the Complaint.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the Complaint, except admit only that any statements or testimony given by the defendant Coles speak for themselves.

43. Deny the allegations set forth in paragraph "43" of the Complaint, except admit only that Jennifer Negron was murdered and her body was found on or about January 1, 1992.

44. Deny the allegations set forth in paragraph "44" of the Complaint.

45. Deny the allegations set forth in paragraph "45" of the Complaint.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the Complaint.

47. Deny the allegations set forth in paragraph "47" of the Complaint, except admit only that certain evidence was recovered in connection with the discovery of Jennifer Negron's body.

48. Deny the allegations set forth in paragraph "48" of the Complaint.

49. Deny the allegations set forth in paragraph "49" of the Complaint.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

51. Deny the allegations set forth in paragraph "51" of the Complaint.

52. Deny the allegations set forth in paragraph "52" of the Complaint.

53. Deny the allegations set forth in paragraph "53" of the Complaint, except admit only that a missing person was reported.

54. Deny the allegations set forth in paragraph "54" of the Complaint, except admit only that the defendant Wright was one of the detectives assigned to investigate Jennifer Negron's murder and that NYPD records indicate that Ms. Coles, Mr. Wade and Ms. Rivera were present at the 75th Precinct and made various identifications.

55. Deny the allegations set forth in paragraph "55" of the Complaint, except admit only that NYPD records indicate that a canvass was conducted of 851 Hegeman Ave., and that any reports of statements by persons interviewed as set forth therein speak for themselves.

56. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "56" of the Complaint, except admit only that the referenced document speaks for itself.

57. Deny the allegations set forth in paragraph "57" of the Complaint.

58. Deny the allegations set forth in paragraph "58" of the Complaint.

59. Deny the allegations set forth in paragraph "59" of the Complaint.

60. Deny the allegations set forth in paragraph "60" of the Complaint.

61. Deny the allegations set forth in paragraph "61" of the Complaint, except admit only that the defendant Brooks did respond to the scene where Jennifer Negron's body was found.

62. Deny the allegations set forth in paragraph "62" of the Complaint, except admit only that the defendant Brooks worked in the 75th Precinct's Robbery Squad at or about the time that Jennifer Negron's body was found.

63. Deny the allegations set forth in paragraph "63" of the Complaint.

64. Deny the allegations set forth in paragraph "64" of the Complaint.

65. Deny the allegations set forth in paragraph "65" of the Complaint.

66. Deny the allegations set forth in paragraph "66" of the Complaint, except admit only that Brunhilda Capella identified Reginald Connor as having been one of the perpetrators in the kidnapping of Jennifer Negron.

67. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "67" of the Complaint.

68. Deny the allegations set forth in paragraph "68" of the Complaint, except admit only that Brunhilda Capella identified Everton Wagstaffe as having been one of the perpetrators in the kidnapping of Jennifer Negron.

69. Deny the allegations set forth in paragraph "66" of the Complaint.

70. Deny the allegations set forth in paragraph "70" of the Complaint.

71. Deny the allegations set forth in paragraph "71" of the Complaint.

72. Deny the allegations set forth in paragraph "72" of the Complaint.

73. Deny the allegations set forth in paragraph "73" of the Complaint.

74. Deny the allegations set forth in paragraph "74" of the Complaint.

75. Deny the allegations set forth in paragraph "75" of the Complaint.

76. Deny the allegations set forth in paragraph "76" of the Complaint.

77. Deny the allegations set forth in paragraph "77" of the Complaint.

78. Deny the allegations set forth in paragraph "78" of the Complaint, except admit only that the referenced application for a search warrant of the vehicle used in the kidnapping of Jennifer Negron speaks for itself.

79. Deny the allegations set forth in paragraph "79" of the Complaint.

80. Deny the allegations set forth in paragraph "80" of the Complaint.

81. Deny the allegations set forth in paragraph "81" of the Complaint.

82. Deny the allegations set forth in paragraph "82" of the Complaint.

83. Deny the allegations set forth in paragraph "83" of the Complaint.

84. Deny the allegations set forth in paragraph "84" of the Complaint.

85. Deny the allegations set forth in paragraph "85" of the Complaint.

86. Deny the allegations set forth in paragraph "86" of the Complaint.

87. Deny the allegations set forth in paragraph "87" of the Complaint.

88. Deny the allegations set forth in paragraph "88" of the Complaint.

89. Deny the allegations set forth in paragraph "89" of the Complaint.

90. Deny the allegations set forth in paragraph "90" of the Complaint.

91. Deny the allegations set forth in paragraph "91" of the Complaint.

92. Deny the allegations set forth in paragraph "92" of the Complaint.

93. Deny the allegations set forth in paragraph "93" of the Complaint.

94. Deny the allegations set forth in paragraph "94" of the Complaint.

95. Deny the allegations set forth in paragraph "95" of the Complaint.

96. Deny the allegations set forth in paragraph "96" of the Complaint, except admit only that the referenced Appellate Division's decision, of which plaintiff has quoted a sentence, speaks for itself.

97. Deny the allegations set forth in paragraph "97" of the Complaint, except admit only that certain evidence was recovered pursuant to the search warrant that was obtained in order to search the vehicle used in the commission of Jennifer Negron's kidnapping.

98. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "98" of the Complaint.

99. Deny the allegations set forth in paragraph "99" of the Complaint.

100. Deny the allegations set forth in paragraph "100" of the Complaint, except admit only that testing was performed on certain evidence in connection with the investigation of Jennifer Negron's kidnapping-murder.

101. Deny the allegations set forth in paragraph "101" of the Complaint.

102. Deny the allegations set forth in paragraph "102" of the Complaint.

103. Deny the allegations set forth in paragraph "103" of the Complaint.

104. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "104" of the Complaint.

105. Deny the allegations set forth in paragraph "105" of the Complaint.

106. Deny the allegations set forth in paragraph "106" of the Complaint.

107. Deny the allegations set forth in paragraph "107" of the Complaint.

108. Deny the allegations set forth in paragraph "108" of the Complaint.

109. Deny the allegations set forth in paragraph "109" of the Complaint.

110. Deny the allegations set forth in paragraph "110" of the Complaint.

111. Deny the allegations set forth in paragraph "111" of the Complaint.

112. Deny the allegations set forth in paragraph "112" of the Complaint.

113. Deny the allegations set forth in paragraph "113" of the Complaint.

114. Deny the allegations set forth in paragraph "114" of the Complaint.

115. Deny the allegations set forth in paragraph "115" of the Complaint.

116. Deny the allegations set forth in paragraph "116" of the Complaint.

117. Deny the allegations set forth in paragraph "117" of the Complaint, except admit only that retired Sgt. Race did execute certain NYPD documents pertaining to the investigation.

118. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "118" of the Complaint.

119. Deny the allegations set forth in paragraph "119" of the Complaint, except admit only that retired Sgt. Race was at one time a sergeant in the NYPD's 75th Precinct.

120. Deny the allegations set forth in paragraph "120" of the Complaint.

121. The allegations set forth in paragraph "121" of the Complaint have no bearing on the incident alleged in the Complaint and as such no response is required.

122. Deny the allegations set forth in paragraph "122" of the Complaint.

123. Deny the allegations set forth in paragraph "123" of the Complaint.

124. Deny the allegations set forth in paragraph "124" of the Complaint.

125. Deny the allegations set forth in paragraph "125" of the Complaint, except admit only that the referenced investigation speaks for itself.

126. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "126" of the Complaint.

127. Deny the allegations set forth in paragraph "127" of the Complaint.

128. Deny the allegations set forth in paragraph "128" of the Complaint.

129.    Deny the allegations set forth in paragraph "129" of the Complaint, except admit only that plaintiff was arrested in connection with Jennifer Negron's murder-kidnapping and that a line-up was conducted.

130.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "130" of the Complaint, except admit only that the referenced charges speak for themselves.

131.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "131" of the Complaint.

132.    Deny the allegations set forth in paragraph "132" of the Complaint.

133.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "133" of the Complaint.

134.    Deny the allegations set forth in paragraph "134" of the Complaint.

135.    Deny the allegations set forth in paragraph "135" of the Complaint.

136.    Deny the allegations set forth in paragraph "136" of the Complaint, except admit only that Ms. Capella's trial testimony speaks for itself.

137.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "137" of the Complaint, except admit only that Ms. Capella's trial testimony speaks for itself.

138.    Deny the allegations set forth in paragraph "138" of the Complaint.

139.    Deny the allegations set forth in the paragraph "139" of the Complaint, except admit only that Ms. Coles' trial testimony speaks for itself.

140.    Deny the allegations set forth in paragraph "140" of the Complaint.

141.    Deny the allegations set forth in paragraph "141" of the Complaint, except admit only that the trial testimonies of Ms. Rivera, Ms. Coles and Ms. Jiminez speak for themselves.

142.    Deny the allegations set forth in paragraph "142" of the Complaint.

143.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "143" of the Complaint, except admit only that Ms. Bonner's C.P.L §440 hearing testimony speaks for itself.

144.    Deny the allegations set forth in paragraph "144" of the Complaint.

145.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "145" of the Complaint.

146.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "146" of the Complaint.

147.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "147" of the Complaint.

148.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "148" of the Complaint.

149.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "149" of the Complaint.

150.    Deny the allegations set forth in paragraph "150" of the Complaint, except admit only that the referenced Appellate Division's decision, speaks for itself.

151.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "151" of the Complaint.

152.    The allegations set forth in paragraph "152" of the Complaint are not averments of fact, but rather are interpretations of test results, and, as such, no response is required.

153.    The allegations set forth in paragraph "153" of the Complaint are not averments of fact, but rather are interpretations of test results, and, as such, no response is required.

154.    The allegations set forth in paragraph "154" of the Complaint are not averments of fact, but rather are interpretations of test results, and, as such, no response is required.

155.    Deny the allegations set forth in paragraph "155" of the Complaint.

156.    Deny the allegations set forth in paragraph "156" of the Complaint.

157.    Deny the allegations set forth in paragraph "157" of the Complaint.

158.    Deny the allegations set forth in paragraph "158" of the Complaint, including subparts.

159.    Deny the allegations set forth in paragraph "159" of the Complaint, including subparts.

160.    Deny the allegations set forth in paragraph "160" of the Complaint.

161.    Deny the allegations set forth in paragraph "161" of the Complaint.

162.    Deny the allegations set forth in paragraph "162" of the Complaint.

163.    Deny the allegations set forth in paragraph "163" of the Complaint.

164.    Deny the allegations set forth in paragraph "164" of the Complaint.

165.    Deny the allegations set forth in paragraph "165" of the Complaint.

166.    Deny the allegations set forth in paragraph "166" of the Complaint.

167.    In response to the allegations set forth in paragraph "167" of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

168.    Deny the allegations set forth in paragraph "168" of the Complaint.

169.    Deny the allegations set forth in paragraph "169" of the Complaint.

170.    Deny the allegations set forth in paragraph "170" of the Complaint.

171.    Deny the allegations set forth in paragraph "171" of the Complaint.

172.    Deny the allegations set forth in paragraph "172" of the Complaint.

173.    In response to the allegations set forth in paragraph "173" of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

174.    Deny the allegations set forth in paragraph "174" of the Complaint.

175.    Deny the allegations set forth in paragraph "175" of the Complaint.

176.    Deny the allegations set forth in paragraph "176" of the Complaint.

177.    Deny the allegations set forth in paragraph "177" of the Complaint.

178.    Deny the allegations set forth in paragraph "178" of the Complaint.

179.    Deny the allegations set forth in paragraph "179" of the Complaint.

180.    Deny the allegations set forth in paragraph "180" of the Complaint.

181.    In response to the allegations set forth in paragraph "181" of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

182.    Deny the allegations set forth in paragraph "182" of the Complaint.

183.    Deny the allegations set forth in paragraph "183" of the Complaint.

184.     Deny the allegations set forth in paragraph "184" of the Complaint.

185.     Deny the allegations set forth in paragraph "185" of the Complaint.

186.     In response to the allegations set forth in paragraph "186" of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

187.     Deny the allegations set forth in paragraph "187" of the Complaint.

188.     Deny the allegations set forth in paragraph "188" of the Complaint, including subparts.

189.     Deny the allegations set forth in paragraph "189" of the Complaint.

190.     Deny the allegations set forth in paragraph "190" of the Complaint.

191.     In response to the allegations set forth in paragraph "191" of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

192.     Deny the allegations set forth in paragraph "192" of the Complaint.

193.     Deny the allegations set forth in paragraph "193" of the Complaint.

194.     Deny the allegations set forth in paragraph "194" of the Complaint.

195.     Deny the allegations set forth in paragraph "195" of the Complaint.

196.     Deny the allegations set forth in paragraph "196" of the Complaint.

197.     Deny the allegations set forth in paragraph "197" of the Complaint.

198.     In response to the allegations set forth in paragraph "198" of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

199.     Deny the allegations set forth in paragraph "199" of the Complaint.

200.    Deny the allegations set forth in paragraph "200" of the Complaint.

201.    Deny the allegations set forth in paragraph "201" of the Complaint.

202.    Deny the allegations set forth in paragraph "202" of the Complaint.

203.    Deny the allegations set forth in paragraph "203" of the Complaint.

204.    In response to the allegations set forth in paragraph "204" of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

205.    Deny the allegations set forth in paragraph "205" of the Complaint.

206.    Deny the allegations set forth in paragraph "206" of the Complaint.

207.    Deny the allegations set forth in paragraph "207" of the Complaint.

208.    Deny the allegations set forth in paragraph "208" of the Complaint.

209.    Deny the allegations set forth in paragraph "209" of the Complaint.

210.    Deny the allegations set forth in paragraph "210" of the Complaint.

211.    In response to the allegations set forth in paragraph "211" of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

212.    Deny the allegations set forth in paragraph "212" of the Complaint.

213.    Deny the allegations set forth in paragraph "213" of the Complaint.

214.    Deny the allegations set forth in paragraph "214" of the Complaint.

215.    In response to the allegations set forth in paragraph "215" of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

216.    Deny the allegations set forth in paragraph "216" of the Complaint.

217.     Deny the allegations set forth in paragraph "217" of the Complaint.

218.     Deny the allegations set forth in paragraph "218" of the Complaint.

219.     Deny the allegations set forth in paragraph "219" of the Complaint.

220.     In response to the allegations set forth in paragraph "220" of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

221.     Deny the allegations set forth in paragraph "221" of the Complaint, including subparts.

222.     Deny the allegations set forth in paragraph "222" of the Complaint.

223.     Deny the allegations set forth in paragraph "223" of the Complaint.

224.     Deny the allegations set forth in paragraph "224" of the Complaint.

225.     Deny the allegations set forth in paragraph "225" of the Complaint.

226.     In response to the allegations set forth in paragraph "226" of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

227.     Deny the allegations set forth in paragraph "227" of the Complaint.

228.     Deny the allegations set forth in paragraph "228" of the Complaint.

229.     Deny the allegations set forth in paragraph "229" of the Complaint.

230.     In response to the allegations set forth in paragraph "230" of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

231.     Deny the allegations set forth in paragraph "231" of the Complaint.

232.     Deny the allegations set forth in paragraph "232" of the Complaint.

233.    Deny the allegations set forth in paragraph "233" of the Complaint.

234.    Deny the allegations set forth in paragraph "234" of the Complaint.

**FIRST AFFIRMATIVE DEFENSE:**

235.    The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE:**

236.    Defendants City, Race, Hohenstein, Wright, Curran, Duggan, Hecker, Brooks and Carbone have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any Act of Congress providing for the protection of civil rights.

**THIRD AFFIRMATIVE DEFENSE:**

237.    Any injuries alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of others or non-parties and were not the proximate result of any act of the defendants City, Race, Hohenstein, Wright, Curran, Duggan, Hecker, Brooks or Carbone.

**FOURTH AFFIRMATIVE DEFENSE:**

238.    Defendants Race, Hohenstein, Carbone, Curran, Wright, Duggan, Brooks and Hecker have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

**FIFTH AFFIRMATIVE DEFENSE**

239.    At all times relevant to the acts alleged in the Complaint, defendants Race, Hohenstein, Carbone, Curran, Wright, Duggan, Brooks and Hecker acted reasonably in the proper and lawful exercise of their discretion.

**SIXTH AFFIRMATIVE DEFENSE**

240.     Plaintiff has failed to comply with New York General Municipal Law §§ 50(e), *et seq.*

## SEVENTH AFFIRMATIVE DEFENSE

241.     There was probable cause for plaintiff's arrest, detention and prosecution.

## EIGHTH AFFIRMATIVE DEFENSE

242.     At all times relevant to the acts alleged in the complaint, the duties and functions of defendant City's officials entailed the reasonable exercise of proper and lawful discretion and defendant City is, therefore, entitled to governmental immunity from liability.

## NINTH AFFIRMATIVE DEFENSE

243.     The defendants may be entitled to an offset as to any recovery by plaintiff against them.

## TENTH AFFIRMATIVE DEFENSE

244.     This action may barred by the doctrines of res judicata and collateral estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

245.     Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

## TWELFTH AFFIRMATIVE DEFENSE

246.     Plaintiff is not entitled to punitive damages against the City of New York. Punitive damages cannot be recovered against the other defendants and, if available, the amount of such damages shall be limited by applicable state and federal law, including due process and other provisions of law.

## THIRTEENTH AFFIRMATIVE DEFENSE

247.    The defendants Race, Hohenstein, Carbone, Curran, Wright, Duggan, Brooks and Hecker are entitled to absolute immunity arising out of any Grand Jury testimony.

### FOURTEENTH AFFIRMATIVE DEFENSE

248.    Plaintiff has failed to mitigate damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

249.    Plaintiff has failed to comply with conditions precedent to suit.

**WHEREFORE,** defendants City, Race, Hohenstein, Carbone, Curran, Wright, Duggan, Brooks and Hecker respectfully request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            April 29, 2016

 

ZACHARY W. CARTER
 Corporation Counsel of
 the City of New York
*Attorney for Defendants City of New York,*
 *George Hohenstein, Michael Race, James*
 *Curran, David Carbone, Jeffrey Wright,*
 *John Duggan, Charles Hecker and Mark*
 *Brooks*
100 Church Street
New York, New York 10007
(212) 356-3519

By:     _____/s/_____
        Mark D. Zuckerman
        Senior Counsel

20